FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

2016 OCT 14  P 1: 57

CLERK'S OFFICE
AT GREENBELT
BY____        ____

ALAN J. HYATT, *et al.*,                       *

    Plaintiffs,                            *

                                *

v.                                      Case No.: GJH-16-2912

                                *

KOS N. JOHNS, *et al.*,                   *

    Defendant.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand, ECF No. 3. A hearing is

unnecessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated more fully below, the Court

will grant Plaintiffs' Motion to Remand, along with their request for costs, expenses and

reasonable attorney's fees incurred in responding to Defendants' removal of the case. The Court

will deny Defendants' request for costs and other reasonable fees.

On April 16, 2014, the above-captioned matter was commenced in the Circuit Court for

Montgomery County, Maryland by the filing of an Order to Docket in the foreclosure of a deed

of trust granted by Defendants Kosmas Johns and Aphrodite Johns (collectively, "Defendants")

and secured by real property located in Montgomery County ("Foreclosure Action"). [1] ECF No.

6-1. The Foreclosure Action is based on a state statute addressing deeds of trust, mortgages, and

other liens in default. *See* Md. Code. Real Prop. Art. § 7–105.1 *et seq.*

---

[1] The Montgomery Circuit Court proceedings are case captioned *Alan J. Hyatt, et. al., v. Kosmas Nicholas Johns, et al.*, No. 389777-V. ECF No. 6.

On August 18, 2016, Defendants removed the Foreclosure Action to this Court. ECF No. 1. On August 22, 2016, Plaintiffs filed the presently pending Motion to Remand to the Circuit Court for Montgomery County, Maryland. ECF No. 3. Included in their Motion was a request for costs, expenses and reasonable attorney's fees. *Id.* ¶ 14. On August 26, 2016, Defendants submitted a Response in Opposition to Plaintiffs' Motion for Remand which included a request that the Court grant them their costs and reasonable fees. ECF No. 7 ¶ 14. On August 31, 2016, Plaintiffs' filed a Reply, ECF No. 8, and shortly thereafter Defendants submitted a further Supplement in support of their opposition, ECF No. 9.

## I.   PLAINTIFFS' REQUEST FOR REMAND

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see also In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F.Supp.2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (quoting *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008)). Here, Defendants have not met their burden of demonstrating that removal was proper because, despite their contentions, removal based on diversity jurisdiction is barred by the forum-defendant rule and the Court lacks federal question jurisdiction.

2

District courts have diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, a civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Known as the forum-defendant rule, this rule "recognizes that there is no need to protect out-of-state defendants from local prejudice 'where the defendant is a citizen of the state in which the case is brought.'" *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642–43 (D. Md. 2015)(quoting *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). Here, Defendants state in their own Notice of Removal that they are citizens of the State of Maryland. ECF No. 1 ¶ 17. Thus, the case is not removable based on diversity jurisdiction.

Defendants' attempt to remove this case based on federal question jurisdiction is also misplaced. Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 726 (2007) ("This 'power of sale' foreclosure is 'intended to be a summary, in rem proceeding' which carried out 'the policy of Maryland law to expedite mortgage foreclosures.'"). While Defendants' Opposition to Plaintiffs' Motion to Remand, ECF No. 7, includes references to federal statutes that reflect that they may be contemplating filing counterclaims based on federal law, for removal purposes, the Court looks

3

only to the complaint, or in this case, the order to docket suit, to determine whether a federal question is presented. *See Franchise Tax Bd.,* 463 U.S. at 10 ("For better or worse, under the present statutory scheme ... a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)); *see also Martin Pet Products (U.S.), Inc. v. Lawrence,* 814 F. Supp. 56, 58 (D. Kan. 1993) (rejecting argument that damages requested in counterclaim may be considered in establishing amount in controversy because "[t]he counterclaim had not been filed at the time of removal and cannot serve as a basis for later establishing this court's jurisdiction"). Because the Foreclosure Action, as instituted by Plaintiffs, only involves a state law proceeding, and does not involve any federal causes of action, the Court lacks federal question diversity. Removal on this ground is therefore improper.

Having failed to demonstrate that removal was proper, the Court must remand this action to the Circuit Court for Montgomery County, Maryland for further proceedings.

## II.   PLAINTIFFS' REQUEST FOR COSTS, EXPENSES AND ATTORNEYS' FEES

In addition to requesting that this case be remanded to state court, Plaintiffs also request costs, expenses and reasonable attorney's fees that they incurred in defending this case against removal. ECF No. 3 ¶ 14. When a Court grants an order to remand, it may also "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although the case is being remanded, the Court will retain jurisdiction over the collateral issue of fees pursuant to 28 U.S.C. § 1447(c). *See Am. Capital Advance, LLC v. Gordon,* No. RWT 10CV2113, 2010 WL 5055810, at *2 (D. Md. Dec. 3, 2010).

4

In developing an appropriate test for awarding fees in a removal case, the Supreme Court noted that such a test "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. " *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). The Court went on to hold that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. A showing of bad faith is not required and the fact that the removing party is a *pro se* litigant does not prevent the Court from imposing sanctions. *See Am. Capital Advance, LLC*, 2010 WL 5055810, at *2 (citing *Miller v. Baker*, 2010 WL 3585423, at *1 (W.D.Va. September 9, 2010)); *but see Baby C v. Price,* 138 F. App'x 81, 84–85 (10th Cir. 2005) (suggesting that the pro se status of the removing party may justify a reduction in the attorney's fees awarded).

Here, Defendants lacked an objectively reasonable basis for seeking removal since their arguments were in violation of "well-settled and firmly established" legal principles. *See id.* at *3 (holding that attorney's fees were justified in a removal case where Defendants' arguments for removal were contrary to well-settled and firmly established diversity jurisdiction principles). Defendants' assertion of diversity jurisdiction was in clear violation of the plain language of 28 U.S.C. § 1441(b)(2), which bars defendants from removing cases to federal courts on the basis of diversity when they are citizens of the forum state. Similarly, the concept that a defendant may not remove a case based on federal question jurisdiction unless the plaintiff's complaint establishes that the case "'arises under'" federal law is based on Supreme Court precedent dating back over 30 years. *See Franchise Tax Bd.,* 463 U.S. at 10.

Furthermore, as Plaintiffs point out, Defendant Kos Johns, in his role as an attorney, has had seven cases remanded on the same or similar grounds in the past year and half. *See* ECF No. 8 ¶ 1; *see also* ECF No. 8-1. In one of the more recent cases, Judge Chasanow stated that "Mr. Johns is forewarned that continued actions in removing obviously unremovable actions could result in referral to this court's disciplinary and admissions committee for consideration of sanctions." *Clarke v. Nguyen*, No. CIV.A. DKC 15-2452, 2015 WL 5255291, at *2 (D. Md. Sept. 8, 2015)(holding that a Maryland citizen is not permitted to remove to a Maryland District Court on the basis of diversity jurisdiction and that a federal question must be present on the complaint and not in a contemplated defense). Mr. Johns' prior actions lead credence to Plaintiffs' argument that Defendants filed this case "with the purpose of attempting to prevent the Foreclosure Sale from going forward." ECF No. 3 ¶ 10. Therefore, an award of fees is appropriate in this case since it would support the goal of "deter[ing] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).[2]

However, Plaintiffs have failed to provide sufficient evidence for the Court to comply with the requirement that an award of fees be reasonable. *See Robinson v. Equifax Information Services LLC*, 560 F.3d 235, 243 (4th Cir. 2009)(listing the factors a court must consider in determining the reasonableness of an award). Thus, Plaintiffs are granted leave to file, on or before November 1, 2016, a more detailed affidavit supporting their request for costs, expenses and reasonable attorneys' fees. *See* Local Rule App. B (D. Md. 2016).

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion to Remand, ECF No. 3 is **GRANTED** and that this case be **REMANDED** to the Circuit Court of

---

[2] As the Court has found that Defendants' removal was not objectively reasonable, it will deny Defendants' request for cost and reasonable fees.

Montgomery County. Plaintiff's request for costs, expenses and reasonable attorney's fees is **GRANTED** and the Court will retain jurisdiction over the collateral issue of costs and attorney's fees under § 1447(c) for improper removal. Defendants' request for costs and reasonable fees, ECF No. 7, is **DENIED**.

Dated: October 14, 2016

_____
GEORGE J. HAZEL
United States District Judge