IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division
FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 JUL 10  P 1: 33

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | | |
|---|---|---|
| ALAN J. HYATT, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-16-2912 |
| KOSMAS N. JOHNS, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before the Court is Jonathan M. Wall, Robert D. Miller and Alan J. Hyatt's (together, "Plaintiffs") request for attorneys' fees and expenses, arising out of their successful Motion to Remand. ECF No. 13. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Attorneys' Fees and Expenses is granted.

## I. BACKGROUND

On April 16, 2014, the above-captioned matter was commenced in the Circuit Court for Montgomery County, Maryland by the filing of an Order to Docket in the foreclosure of a deed of trust granted by Defendants Kosmas Johns and Aphrodite Johns (collectively, "Defendants") and secured by real property located in Montgomery County (hereinafter, "the Foreclosure Matter"). ECF No. 6-1. On August 18, 2016, Defendants removed the Foreclosure Matter to this Court. ECF No. 1. On August 22, 2016, Plaintiffs filed a Motion to Remand the case back to the Circuit Court for Montgomery County, arguing that removal based on diversity jurisdiction was barred by the forum-defendant rule and no federal cause of action was present on the face of the complaint. ECF No. 3. Included in their Motion was a request for costs, expenses and reasonable

attorneys' fees incurred while litigating the removal. *Id.* ¶ 14. On August 26, 2016, Defendants submitted a Response in Opposition to Plaintiffs' Motion for Remand, ECF No. 7, and on August 31, 2016, Plaintiffs filed a Reply, ECF No. 8. Shortly thereafter Defendants submitted a further Supplement in support of their opposition. ECF No. 9.

In a Memorandum Opinion issued on October 14, 2016, the Court granted Plaintiffs' Motion to Remand, holding that Defendants had failed to demonstrate that removal was proper under either the Court's federal question or diversity jurisdiction. ECF No. 10. Because Defendants "lacked an objectively reasonable basis for seeking removal," *id.* at 5, the Court held that an award of attorneys' fees was appropriate, since it would support the goal of "deter[ing] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 6 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).[1] However, because Plaintiffs did not sufficiently document their request for attorneys' fees, the Court granted leave for Plaintiffs to file a more detailed affidavit in support of their requests. *Id.*

On November 1, 2016, Plaintiffs filed a supplemental briefing requesting $19,003.66 in attorneys' fees and expenses arising from their litigation of the removal action. ECF No. 13.[2] Although Defendants were served with a copy of Plaintiffs' motion, the Court has not received a response to Plaintiffs' fee petition.

---

[1] In reaching this conclusion, the Court noted that Defendants' arguments for removal were in violation of well-settled legal principles and that seven cases had been remanded on the same or similar grounds in the past year and a half involving Defendant Kosmas Jones and he had been warned that continued motions, requesting to remove obviously unremovable cases, could result in sanctions. *Id.*

[2] As discussed further below, Plaintiffs used their billing judgment to reduce their request by ten percent. However, Plaintiffs' initial request was never updated to take into consideration this reduction. If the adjustment had been taken into consideration, their request would be for $17,389.06.

## II. DISCUSSION

When a court grants an order to remand, it may also "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Having already held that attorneys' fees are warranted because Defendants lacked an objectively reasonable basis for seeking removal, the Court is left to determine whether the amount Plaintiffs request is reasonable, keeping in mind "[a]n award under § 1447(c) is remedial, not punitive, and is designed to compensate the plaintiff when, in the court's discretion, justice so requires." *McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 479-80 (M.D.N.C. 2005) (citations omitted).

The most useful starting point for establishing the proper amount of an award is the "lodestar," or "the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Caperton*, 31 F.3d. at 175 (citing *Hensley*, 461 U.S. at 437). In assessing the overall reasonableness of the lodestar, the court may also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) ("the Johnson factors"), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the questions raised; (3) The skill requisite to perform the legal services properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship between the attorney and the client; and (12) Attorney's fee awards in similar cases.

*See Caperton*, 31 F.3d at 175. These factors, however, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate [, *i.e.*, the lodestar]." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013) (quoting *Hensley*, 461 U.S. at 434 n. 9) (alteration in original). Furthermore, "[i]n considering the Johnson/Barber factors, the court is to consider all twelve factors, but need not robotically list each factor or comment on those factors that do not apply." *Dodeka, L.L.C. v. AmrolDavis*, No. 7:10-CV-17-D, 2010 WL 3239117, at *2 (E.D.N.C. Aug. 16, 2010).

### A. Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the Court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). "[D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted). As part of its inquiry, the Court may rely on "affidavits from other attorneys attesting to the reasonableness of the hourly rates," and also the Court's "knowledge of the market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at *3 (D. Md. Aug. 11, 2011). In this District, the Court's "market knowledge" is set forth in Appendix B of the U.S. District Court of Maryland Local Rules, which provides Guidelines Regarding Hourly Rates based upon length of professional experience, as follows:

> (a) Lawyers admitted to the bar for less than five (5) years: $150-225.
> (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

4

(c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
(d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
(e) Lawyers admitted to the bar for twenty (20) years or more: $300-475.
(f) Paralegals and law clerks: $95-150.

Loc. R. App. B(3) (D. Md. 2016). Here, Plaintiffs ask the Court to award attorneys' fees at the following hourly rates: Jonathan M Wall: $330.00 (over twenty years of experience); Robert D. Miller: $320.00 (over twenty years of experience); paralegals: $150. *See* ECF No. 13 ¶¶ 5-7; ECF No. 13-12. Plaintiffs have also submitted an affidavit from a local attorney attesting to the reasonableness of their rates. *See* ECF No. 13-1. Taking into account the experience of the attorneys and the local market rate as outlined in the Local Rules, the Court find that these rates are reasonable.

### B. Reasonable Hours

As required by Appendix B of the Local Rules, counsel for Plaintiffs submitted their fee application accompanied by time records organized by litigation phase. *See* ECF Nos. 13-4; 13-5; 13-6; 13-7; 13-8; 13-9 and 13-10. Plaintiffs further divided their fee application into two main categories: (1) fees related to the Foreclosure Matter and (2) fees related to the Remand Matter. *Id.* As Plaintiffs explained in their Motion to Remand and again in their Fee Supplement, pursuant to a Bankruptcy Case Order, a foreclosure sale was scheduled regarding the property at issue for Monday, August 22, 2016 at 10:00 am. ECF No. 3 at 3. Because Defendants filed a notice of removal, Plaintiffs were forced to cancel the sale and the efforts Plaintiffs expended on arranging the initial sale will need to be repeated. *Id.* Plaintiffs thus request compensation for the following tasks related to the Foreclosure Matter: (1) communications regarding the foreclosure sale: 3.85 hours; (2) notices of sale/docket updates: 16.8 hours; and (3) attendance of substitute

trustee at sale: 6 hours. ECF Nos. 13-4; 13-5 and 13-6. While the Court sympathizes with Plaintiffs' efforts, the Court will only award fees for litigation in this Court.

Turning to the fees related to the Remand Matter, Plaintiffs request compensation for the following tasks: (1) Motion to Remand: 10.7 hours; (2) Reply to Response to Motion to Remand: 12.10 hours; (3) Line Filing Underlying Foreclosure Documents: 0.6 hours; and (4) Preparation of Detailed Fee Supplement: 7.65 hours. ECF Nos. 13-7; 13-8; 13-9 and 13-10. With respect to the first category, Plaintiffs explain that additional time was spent driving in person to court to try to get their Motion to Remand filed prior to the foreclosure sale, given that electronic filing was not available because Defendants' motion had not yet been docketed. ECF No. 13 ¶ 16. While it was not Defendants' fault that the clerk's office was delayed in docketing the case, it was reasonable for Plaintiffs' counsel to act promptly to combat notice of removal. Thus, the Court finds that hours spent on the Motion to Remand are reasonable. The Court also agrees that it was reasonable for counsel to spend 12.10 hours drafting their Reply because Defendants raised meritless but novel theories regarding federal question jurisdiction that required research to address. Similarly, the Court holds that Plaintiffs spent a reasonable amount of time in the final two categories, filing foreclosure documents and preparing a detailed fee supplement.

C. Calculation of Lodestar

Having determined the reasonable rate and reasonable hours expended, the Court will now calculate the lodestar. Plaintiffs originally requested $6,133.50 for their work on the Foreclosure Matter for 26.65 hours of blended attorney and paralegal time. ECF No. 13 ¶ 13. As discussed above, the Court will only award fees for litigation in this Court and thus will not award any funds for their work on the Foreclosure Matter. With respect to the Remand Matter, Plaintiffs originally requested $10,012.50 for their work. *Id.* ¶ 22. Plaintiffs used their billing

judgment to reduce their request by ten percent, resulting in an original request of $9,011.25. *Id.* ¶ 23. The Court found both the hours and rates reasonable and the record therefore justifies a total award of $9,011.25 in attorneys' fees.

### D. Adjustment to Lodestar: *Johnson* factors and Plaintiff's Level of Success[6]

Plaintiffs also argue that the *Johnson* factors support their requested award, emphasizing the amount in controversy, a $2,500,000.00 debt secured by the property at issue, and their success in having the case remanded. ECF No. 13 ¶¶ 30-31. Plaintiffs state that their compensation is consistent with awards provided in similar cases, though they do not provide any citations to support this assertion. *Id.* ¶ 35. Awarding attorney's fees in removal cases is rare, with many courts in this district denying attorney's fees even when granting motions to remand. *See e.g. Feldman's Med. Ctr. Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013). In its own research, the Court found an award of approximately $8,000 in this District for a similar case. *See HCR Manorcare Health Servs.-Chevy Chase v. Salakpi*, No. RWT 09CV2614, 2010 WL 1427428, at *3 (D. Md. Apr. 8, 2010). Having already reduced Plaintiffs' request as discussed above, the Court does not find the application of the *Johnson* factors here warrant a departure from the lodestar amount.

Finally, Plaintiffs' level of success warrants an award of the full lodestar amount. "The Fourth Circuit has described the analysis of the level of success as the third step of a fee calculation." *See McFeeley v. Jackson St. Entm't*, LLC, No. CV DKC 12-1019, 2016 WL 4269042, at *3 (D. Md. Aug. 15, 2016) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). "What the court must ask is whether 'the plaintiff achieve[d] a level of success that

---

[6] The Supreme Court has "recently shed doubt on the reliability" of utilizing the twelve *Johnson* factors, arguing that such an approach may lead to subjective application and disparate results. *See Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645–646 (D. Md. 2012) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). Accordingly, the Court will only address the factors that are relevant and raised by Plaintiffs.

makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.* (quoting *Doe v. Kidd*, 656 F. App'x 643, 657 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 638, (2017)). Here, Plaintiffs successfully and quickly were able to secure a remand of their case back to state court and could therefore proceed with the foreclosure sale of a $2,500,000.00 property. Thus, the Court finds that Plaintiffs' success justifies the fee award.

### E. Costs

Plaintiffs also request reimbursement for the following costs: $55.00 for title update; $500.00 for auctioneer cancellation fee and $2,302.66 for advertising expenses for foreclosure sale. ECF No. 13-11. Again, in an exercise of its discretion, the Court will not award costs and fees unrelated to the actual litigation in this case.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney's Fees, ECF No. 13, is granted. Plaintiffs are awarded $9,011.25 in attorneys' fees. A separate Order shall issue.

Date: July 10, 2017

George J. Hazel
United States District Judge